FILED by IG D.C.
ELECTRONIC

APR. 4, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**FUTURE MEDIA ARCHITECTS, INC.,**

**Plaintiff,**

**v.**

**08-60496-CIV-JORDAN/MCALILEY**

**Case No.:**

**IDEASTREAM CONSUMER PRODUCTS LLC,**

**Defendant.**

______________________________________/

**JURY TRIAL REQUESTED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Future Media Architects, Inc. (hereinafter referred to as "FMA" or "Plaintiff"), by its attorneys, as and for its Complaint against Defendant IdeaStream Consumer Products LLC (hereinafter referred to as "IdeaStream" or "Defendant"), alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### Nature of Action and Subject Matter Jurisdiction

1. This action seeks a Declaratory Judgment of Compliance with the Anti-Cybersquatting Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1114 *et seq.* Plaintiff further seeks a Declaratory Judgment of Non-Infringement of registered and common law trademark rights under 28 U.S.C. §§ 2201-2202, 15 U.S.C. §§ 1114 and 1125(a). This action also seeks cancellation of registered United States trademarks under Section 37 of the Lanham Act, 15 U.S.C. § 1119, and Sections 14 and 15 of the Lanham Act, 15 U.S.C. § 1064 *et seq.*

2. Subject matter jurisdiction over this action is conferred upon this Court: (i) pursuant to 28 U.S.C. §§ 2201 and 2202, because it involves a request for declaratory

judgment in a case of actual controversy; and (ii) pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114 and 1125, because, *inter alia*, the suit concerns rights under the Lanham Act. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**Personal Jurisdiction and Venue**

3. This Court has personal jurisdiction over Defendant because Defendant agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Internet Corporation for Assigned Names and Numbers' ("ICANN") Uniform Dispute Resolution Policy ("UDRP"), on or about January 22, 2008. The Registrar, Moniker Online Services, LLC, has a principal office located in this district at 20 SW 27th Avenue, Suite 201, Pompano Beach, Florida 33069.

**The Parties**

4. Plaintiff FMA is an Internet development company with a business address at P.O. Box 71, Road Town, Tortola, British Virgin Islands.

5. On information and belief, Defendant IdeaStream is Delaware limited liability company with a place of business at 4011 Brookpark Road, Parma, Ohio 44134.

**Facts Common to All Claims for Relief**

6. FMA is a leading Internet development company. It develops its own Internet properties, Internet portals and technology.

7. FMA's own development projects include, for example:

> MP3.tv, a music community portal that was launched by FMA in January 2002. This website enjoys hits from well over 30,000 unique visitors a day from more than 120 countries.

DJ.net, a portal for DJs who require a web presence and want to network with other professionals in their industry. This site was launched by FMA in February 2003 and is also available as a search engine to locate a DJ.

OXiDE.com, FMA's own search engine.

8. FMA does not engage in development for third parties.

9. As part of its business, FMA is the owner of approximately 100,000 domain names.

10. FMA does not sell its domain names, and does not purchase domain names with the intention of selling them.

11. In fact, anyone contacting FMA regarding the purchase of a domain name is automatically sent the following email:

> Dear Sir/ Madam,
> To individuals and entities interested in purchasing a domain name from FMA, we regret to advise you that pursuant to the Company's Policy and Strategic Planning, all domain names owned by Future Media Architects, Inc. are not for sale at this time. We do not anticipate this policy changing in the near future.

12. One of the domain names owned by FMA is <www.vaultz.com> (the "Domain Name").

13. FMA registered the Domain Name on February 10, 2004, predating the registration dates of Defendant's U.S. trademark registrations for VAULTZ.[1]

14. FMA regularly acquires unclaimed, random common word domain names. In doing so, FMA's sole motivation is to acquire and use available random common word domain names to market its own Internet development properties, such as DJ.net.

---

[1] Defendant's earliest registration date for its U.S. registrations for VAULTZ is October 11, 2005. The remainder of Defendant's registrations did not issue until 2007.

15. Prior to receiving notice from Defendant, FMA was unaware of Defendant's alleged rights in and to the term "vaultz".

16. On or about August 17, 2007, Defendant, through its counsel, G. Todd Whitcomb of Smith, Gambrell & Russell, LLP, requested that Plaintiff immediately transfer the Domain Name to Defendant. In the event that Plaintiff failed to do so, Defendant warned, "We are preparing to file a Uniform Domain Registration Protocol [*sic*] Complaint to contest your registration of vaultz.com."

17. Plaintiff, through its counsel, Michael Kelly of Kenyon & Kenyon LLP, responded to Defendant's August 17, 2007 letter, denying infringement of Defendant's mark and informing Defendant that, *inter alia*, Plaintiff had registered the Domain Name well before the registration dates of Defendant's VAULTZ mark, including its U.S. registrations.

18. Plaintiff heard nothing further from Defendant until it received notice that Defendant had filed a Complaint for Transfer of domain registration with the National Arbitration Forum ("NAF"), pursuant to ICANN's UDRP, on or about January 8, 2008.[2]

19. On January 15, 2008, Plaintiff reiterated that its registration date of the Domain Name predated the registration dates for Defendant's VAULTZ mark. In addition, due to irregularities, e.g., several withdrawn Statements of Use, in the prosecution of its U.S. registrations for VAULTZ, Plaintiff stated that such registrations may be vulnerable to a cancellation action.

---

2 The January 8, 2008 Complaint was rejected by NAF because Defendant failed to provide required information. Defendant corrected its error and re-filed the Complaint on or about January 22, 2008.


**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
Telephone (305) 448-7089 • Telecopier (305) 446-6191

20. Since Defendant had attempted to use its U.S. registrations for VAULTZ against Plaintiff to obtain Plaintiff's Domain Name, Plaintiff filed a Petition for Cancellation (Cancellation Proceeding No. 92048869) before the Trademark Trial and Appeal Board of the U.S. Patent & Trademark Office. This opposition proceeding is currently pending.

21. Upon information and belief, Defendant had not used its mark in U.S. commerce in connection with all of the goods recited in the description of goods in its U.S. registrations for VAULTZ[3]

22. On March 24, 2008, the NAF panel informed the parties and the Registrar, Moniker Online Services, LLC, and ordered the transfer of the Domain Name from Defendant to Plaintiff. Pursuant to ICANN policy, the transfer was postponed for ten (10) business days to allow Defendant time in which to bring a federal action to stay the proceeding.

23. Plaintiff's ownership of the Domain Name does not infringe any rights that Defendant may allegedly own.

24. Plaintiff has never had a bad faith intent to profit from the Domain Name or exercised bad faith in any manner.

25. Plaintiff did not register the Domain Name in bad faith.

26. Plaintiff has a right to own and use the Domain Name as it did not register it in bad faith.

---

3 Reg. Nos. 3,349,665; 3,336,431; 3,234,089; and 3,005,595.



**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
Telephone (305) 448-7089 • Telecopier (305) 446-6191

27. Defendant's alleged VAULTZ mark is not distinctive now, and was not distinctive when Plaintiff registered the Domain Name.

28. Defendant's alleged VAULTZ mark is not famous now, and was not famous when Plaintiff registered the Domain Name.

29. Plaintiff's ownership of the Domain Name is not likely to cause confusion with any rights allegedly owned by Defendant.

30. Plaintiff has always believed, and continues to believe that the use of the domain name was a fair use or otherwise lawful, as the term "vaultz" is not distinctive of any one source or entity.

## COUNT I

## DECLARATION THAT PLAINTIFF'S OWNERSHIP OF THE DOMAIN NAME DOES NOT VIOLATE ANY OF DEFENDANT'S ALLEGED RIGHTS

31. FMA repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. By reason of the existence of an actual and justiciable controversy as discussed herein, FMA is entitled to a declaratory judgment that its ownership of the Domain Name does not violate any rights owned by Defendant. Accordingly, Plaintiff seeks a declaration of the Court that its ownership of the Domain Name does not violate any rights owned by Defendant.

## COUNT II

## REQUEST FOR CANCELLATION OF U.S. TRADEMARK REGISTRATIONS

33. FMA repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint as though fully set forth herein.


**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
Telephone (305) 448-7089 • Telecopier (305) 446-6191

34. Upon information and belief, Defendant had not used its mark in U.S. commerce in connection with all of the goods recited in the goods description of its U.S. registrations for VAULTZ.[4] Accordingly, Plaintiff requests that the Court cancel Registration Nos. 3,349,665; 3,336,431; 3,329,817; 3,234,089; and 3,005,595, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff FMA demands judgment against Defendant IdeaStream for:

A. a declaration that the order of the Arbitration Panel ordering Moniker Online Services, LLC to transfer the Domain Name is null and void as Plaintiff's ownership of the Domain Name does not violate the Anti-Cybersquatting Consumer Protection Act;

B. a declaration of the Court that Plaintiff's ownership of the Domain Name does not violate any rights owned by Defendant;

C. a declaration of the Court that Defendant's Reg Nos. Nos. 3,349,665; 3,336,431; 3,329,817; 3,234,089; and 3,005,595 were procured and maintained as a result of false declarations and allegations of material facts Defendant knew or should have known were false, and therefore, that such registrations be cancelled and removed from the Principal Register pursuant to 15 U.S.C. § 1119;

D. an injunction prohibiting Defendant from alleging or threatening that Plaintiff's use of the Domain Name or the term "vaultz" does violate any federal, state, or

---

[4] Reg. Nos. 3,349,665; 3,336,431; 3,234,089; and 3,005,595.



**LOTT & FRIEDLAND, P.A.** • 355 Alhambra Circle • Suite 1100 • Coral Gables, Florida 33134
Telephone (305) 448-7089 • Telecopier (305) 446-6191

common law trademark rights owned by Defendants, including without limitation, prohibiting Defendant from seeking transfer of the Domain Name via any means;

E. requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff;

F. an award of costs and reasonable attorneys' fees; and

G. such other and further relief as the Court may deem equitable and proper.

Date: April 4, 2008

Respectully submitted,

**LOTT & FRIEDLAND, P.A.**

Leslie J. Lott, Esq.
Florida Bar No. 182196
Jaime S. Rich, Esq.
Florida Bar No. 30932
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (305) 448-7089
Fax: (305) 446-6191
Email: ljlott@lfiplaw.com
Email: jrich@lfiplaw.com

and

**KENYON & KENYON LLP**

James E. Rosini (JR 7791)
Mimi K. Rupp (MR 0007)
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Fax: (212) 425-5288
Email: jrosini@kenyon.com
Email: mrupp@kenyon.com

Attorneys for Plaintiff
Future Media Architects, Inc.

FILED by IG D.C.
ELECTRONIC
APR. 4, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requ[ired] by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of C[ourt] the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Ca[ses]**

## I. (a) PLAINTIFFS

Future Media Architects, Inc.

(b) County of Residence of First Listed Plaintiff: Tortola, BVI
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Leslie J. Lott, Esq.
Lott & Friedland, P.A., 355 Alhambra Circle, Suite 1100
Coral Gables, FL 33134, Telephone: 305-448-7089

## DEFENDANTS

Ideastream Consumer Products, LLC

County of Residence of First Listed Defendant ________
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

FTL08CV60496-Jordan/McAliley

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO

JUDGE DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Declaratory Judgment and cancellation of trademark registration

LENGTH OF TRIAL via ______ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE
April 4, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 978146 IFP

04/04/08